**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Garrett E. Wright,**
**Claimant Below, Petitioner**

**vs.)    No. 22-581**    (BOR Appeal No. 2058040)
                              (JCN: 2020018452)

**West Virginia Office of Insurance Commissioner,**
**Commissioner Below, Respondent**

**and**

**Process Construction, Inc.,**
**Employer Below, Respondent**


# MEMORANDUM DECISION


Petitioner Garrett E. Wright appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The West Virginia Office of Insurance Commissioner filed a timely response.[1] The issue on appeal is the claims administrator's decision granting no permanent partial disability award, which was affirmed by the Workers' Compensation Office of Judges ("Office of Judges") and then by the Board of Review on June 8, 2022. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Mr. Wright, a coal miner, filed a claim in January 2020 alleging that he sustained permanent impairment as a result of occupational pneumoconiosis. In support of his claim, Mr. Wright submitted a physician's report of occupational pneumoconiosis, completed by A. Mirza, M.D., who diagnosed Mr. Wright with impairment due to occupational pneumoconiosis but did not provide an impairment assessment. The claims administrator held the claim compensable for occupational pneumoconiosis pursuant to the presumption set forth in West Virginia Code § 23-4-15b, because Mr. Wright had ten years of exposure during the fifteen years immediately preceding his date of last exposure. The claims administrator referred Mr. Wright to the Occupational Pneumoconiosis Board ("OP Board") for a determination of impairment.

---

[1]Petitioner, Garrett E. Wright, is represented by Reginald D. Henry, and respondent, West Virginia Office of Insurance Commissioner, is represented by Sean Harter.

After examining Mr. Wright and reviewing medical records,[2] the OP Board concluded that Mr. Wright had approximately thirty-five years of exposure to the hazards of occupational pneumoconiosis,[3] and he ceased working in 2003 due to an unrelated disability. Mr. Wright reported to the OP Board that he had experienced wheezing, shortness of breath, and chronic cough for the past fifteen years; was diagnosed with asthma in 2019; and that he had no smoking history.[4] After examination, the OP Board found that Mr. Wright had no rales or wheezing and that his chest x-ray showed insufficient pleural or parenchymal changes to establish a diagnosis of occupational pneumoconiosis. Based on the OP Board's findings, the claims administrator granted no permanent partial disability award on November 23, 2020. Mr. Wright protested the decision.

In an initial hearing before the Office of Judges, Jack Kinder, M.D., a member of the OP Board, testified that he reviewed November of 2019 pulmonary function testing performed by New River Center which showed 15% impairment. Dr. Kinder stated that the OP Board performed the same testing in September 2020 and found 10% prebronchodilator impairment and 0% post-bronchodilator impairment. There were no rales or wheezing on examination, and the OP Board concluded at that time that Mr. Wright did not have occupational pneumoconiosis. Dr. Kinder testified that after reviewing all of Mr. Wright's pulmonary studies of record, there was insufficient evidence to support a diagnosis of occupational pneumoconiosis or any impairment as a result. He noted that there appeared to be a possible underlying bronchospastic disorder, but it was not the result of occupational exposure. Mallinath Kayi, M.D., also a member of the OP Board, concurred with Dr. Kinder's testimony.

In a final hearing before the Office of Judges, Johnsey Leef, M.D., a member of the OP Board, testified that he reviewed September 2020 chest x-rays, and found no pleural or parenchymal changes consistent with occupational pneumoconiosis. Dr. Kinder concurred. He testified that he reviewed May 2021 pulmonary testing from Cabin Creek Health Services and determined that the study was normal with no indication of impairment. Dr. Kinder noted that Mr. Wright's asthma diagnosis was consistent with the evidence. He stated that all but one medical record indicates Mr. Wright was a former smoker but that Mr. Wright reported to the OP Board that he had never smoked. Dr. Kinder stated that his opinion, that Mr. Wright did not suffer from occupational pneumoconiosis or any resulting impairment, remained the same regardless of the smoking history.

The Office of Judges affirmed the claims administrator's decision granting no permanent partial disability award for occupational pneumoconiosis because it determined that the findings

---

[2]Treatment notes from 2009 through 2017 show that Mr. Wright was repeatedly treated for shortness of breath, had a history of childhood asthma, and was a former smoker. Further, chest x-rays taken in 2019 showed calcified granuloma but no evidence of pneumoconiosis.

[3]The OP Board later determined that Mr. Wright actually had seventeen years of exposure.

[4]Mr. Wright's smoking history, or lack thereof, is unclear from the record. Some treatment notes indicate he smoked in the past, but he denies ever smoking. For reasons explained in this decision below, the issue does not affect the resolution of the case.

of the OP Board were not clearly wrong. The Board of Review affirmed the Office of Judges' Order on June 8, 2022.

On appeal, petitioner argues two assignments of error. He argues that the Board of Review was clearly wrong to affirm the decision of the Office of Judges, and second, that the Board of Review was clearly wrong in finding that Mr. Wright sustained no impairment as a result of occupational pneumoconiosis.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code §§ 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

West Virginia Code § 23-4-6a provides that the Office of Judges "shall affirm the decision of the [OP] [B]oard made following [the] hearing unless the decision is clearly wrong in view of the reliable, probative and substantial evidence on the whole record." Members of the OP Board testified that none of Mr. Wright's pulmonary testing or imaging studies supported a diagnosis of occupational pneumoconiosis or impairment as a result of the condition. Mr. Wright has failed to show by a preponderance of the evidence that the OP Board's findings were clearly wrong. Mr. Wright argues on appeal that the OP Board incorrectly relied on information that he is a former smoker, and such information is incorrect. However, Dr. Kinder testified that the OP Board's conclusion remained unchanged regardless of Mr. Wright's smoking history.

Affirmed.

**ISSUED: February 20, 2024**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

3